T.C. Summary Opinion 2009-59

UNITED STATES TAX COURT

PRESTON REECE AND CAROLYN YOUNG-REECE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8416-07S.                    Filed April 30, 2009.

Preston Reece and Carolyn Young-Reece, pro sese.

<u>Ashley Vaughan</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Some of the issues have been settled.  The remaining issues for decision are:  Whether petitioners are entitled to itemized and business expense deductions that remain in dispute and whether petitioners are liable for the accuracy-related penalty.

This case centers on deductions for the 2005 tax year claimed on Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business, that respondent disallowed.  We provide an initial factual introduction to summarize the events leading up to the commencement of this case.

## Introduction

Some of the facts have been stipulated and are so found. The stipulation of facts, the attached exhibits, and the stipulation of settled issues are incorporated herein by this reference.  Petitioners resided in Texas when they filed their petition.

During 2005 petitioner Preston Reece (Mr. Reece) worked for Anheuser-Busch brewery as a machinist, and petitioner Carolyn Young-Reece (Ms. Reece) operated an unincorporated real estate sales business from her home.  Ms. Reece reported the income and expenses for her real estate business on a Schedule C, using the cash method of accounting.  Ms. Reece had a real estate broker's license for over 20 years preceding the date of trial; however,

- 3 -

she was not very active in the real estate business for the 5 years preceding the date of trial. In 2005 Ms. Reece spent approximately two-thirds of her time as a self-employed real estate broker selling three properties, which generated income from sales commissions of $8,802. Ms. Reece spent one-third of her time as an employee of Norwood Management, Inc., where she sold homes.

Petitioners were members of Jasper Missionary Baptist Church in New Waverly, Texas, during 2005. This is the church that Mr. Reece has attended since he was a boy. Petitioners attended services every other week and typically made contributions by placing an envelope containing cash in the offering plate when it was passed around. Petitioners deducted $4,300 for cash contributions given to their church.

Christopher Young is Ms. Reece's son. Petitioners paid for Christopher Young's tuition at Houston Baptist University by check in 2005. The check was in the amount of $2,352.39. Petitioners also claimed charitable contributions deductions for clothes, books, furniture, kitchen appliances, and various other items donated to Purple Heart and to Sand Dollar in the amounts of $2,500, and $2,800, respectively, during 2005.

The Internal Revenue Service (IRS) audited petitioners' 2005 income tax return. Petitioners failed to appear for the audit, whereupon the IRS disallowed all of petitioners' Schedule C

business expense deductions and Schedule A itemized deductions, made adjustments relating to the self-employment tax, and determined an accuracy-related penalty. Respondent issued to petitioners a notice of deficiency reflecting an increase in Federal income tax of $15,991, and an accuracy-related penalty of $3,198 under section 6662(a). After the petition was filed an Appeals conference was scheduled, but petitioners failed to appear.

## Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to a deduction. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Taxpayers may deduct only the business expenses that they can substantiate. Ronnen v. Commissioner, 90 T.C. 74, 102 (1988).

Under section 7491(a), the burden may shift to the Commissioner regarding factual matters if the taxpayer produces credible evidence and meets the other requirements of the section. Petitioners did not argue for a burden shift and thus did not fulfill the requirements of section 7491(a); therefore, the burden remains with them.

A taxpayer may deduct ordinary and necessary expenses that he pays in connection with the operation of a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be "ordinary" the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Section 262(a) disallows deductions for personal, living, or family expenses.

If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, the taxpayer must present sufficient evidence for the Court to make an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

I.  Itemized and Business Expense Deductions

     A.  Itemized Deductions at Issue--$15,192

     The table below shows the three itemized deductions that remain in dispute.

| Itemized Deduction | Amount Per Tax Return | Amount Per Examination | Amount in Dispute |
|---|---|---|---|
| Real property taxes | $2,892 | -0- | $2,892 |
| Charitable contributions: | | | |
|     Cash | 7,000 | -0- | 7,000 |
|     Noncash | 5,300 | -0- | 5,300 |

     1.  Real Property Taxes--$2,892

     Petitioners testified that they have owned their home for approximately 10 years, and they had their property tax statement at the time they prepared their return.  Petitioners failed to provide the IRS with any documentation that would substantiate this deduction; however, at trial petitioners provided a 2007 property tax bill for an amount similar to the amount claimed for 2005.  Although petitioners did not have a 2005 property tax bill, we believe they owned the property and paid real estate taxes in 2005.  Therefore, petitioners are entitled to a deduction for real property taxes of $2,892.

     2.  Charitable Contributions--$12,300

          a.  Cash--$7,000

     Petitioners testified that they have been parishioners at Jasper Missionary Baptist Church for a long time and that they

attend services approximately every other week, contributing approximately $300 in cash per visit. The letter from Jasper Missionary Baptist Church states that petitioners contributed $4,300 to the church during the 2005 tax year. The letter is contemporaneous with the donation and was signed by the clerk of the church. See sec. 170(f)(8). We find that the letter is credible evidence. Petitioners testified that the other $2,700 consists of a $2,352.39 payment for college tuition at Houston Baptist University for their son, miscellaneous gifts, and donations of $347.61.

Assuming that Houston Baptist University was a qualified organization as defined by section 170(c), in order for petitioners to be entitled to a charitable contribution deduction under section 170 for the payment made to the university, they must show the extent to which the tuition payment exceeds the market value of their son's education and that the excess payment was made with the intention of making a gift. See United States v. American Bar Endowment, 477 U.S. 105 (1986).

Petitioners have failed to establish that the amount paid to Houston Baptist University exceeded the market value of the education received by their son so as to take on the dual character of both a tuition payment and a charitable contribution. Additionally, even if we assume that the $2,352.39 was a qualified tuition expense, it is not deductible by

petitioners because petitioners did not claim a dependency exemption for their son on their return for the 2005 tax year. See secs. 222(d)(1), 25A(f). Therefore, petitioners are not entitled to a charitable contribution deduction for their son's tuition.

Petitioners have failed to substantiate the remaining $347.61; however, they have adequately substantiated charitable contributions to Jasper Missionary Baptist Church in the amount of $4,300. Accordingly, petitioners are entitled to a deduction of $4,300 for cash charitable contributions.

### b. Noncash--$5,300

At trial, petitioners offered a handwritten list of numerous items donated to charitable organizations, such as Purple Heart and Sand Dollar. This list fails to provide the dollar amount assigned to the various donated items. Ms. Reece testified that the amount deducted on their income tax return was a mere estimate. Further, petitioners did not provide any type of receipt given to them by the charitable organizations to evidence their contributions. Accordingly, because petitioners have failed to adequately substantiate their contributions, respondent's determination is sustained and no deduction shall be allowed.

B.  Business Expense Deductions at Issue--$9,974.95

The table below shows the 10 business expense deductions on Schedule C that remain in dispute.

| Business Expense Deduction | Amount Per Tax Return | Amount Per Stipulation | Amount in Dispute |
|---|---|---|---|
| Advertising | $2,732 | $950.00 | $1,782.00 |
| Legal & professional | 1,488 | 1,243.05 | 244.95 |
| Office expense | 2,656 | -0- | 2,656.00 |
| Repairs & maintenance | 811 | -0- | 811.00 |
| Supplies | 1,617 | -0- | 1,617.00 |
| Taxes and licenses | 625 | 511.00 | 114.00 |
| Travel | 408 | -0- | 408.00 |
| Meals and entertainment | 259 | -0- | 259.00 |
| Other expenses- promotion | 1,083 | -0- | 1,083.00 |
| Other expenses-MLS | 1,000 | -0- | 1,000.00 |

1. Advertising, Legal and Professional, and Taxes and Licenses--$2,140.95

The parties stipulated that petitioners substantiated advertising, legal and professional, and tax and license expenses of $950, $1,243.05, and $511, respectively.  Petitioners failed to provide any documentation that would substantiate any amount in excess of the amounts stipulated.  On the basis of the record, the Court is unable to make a reasoned estimate.  Accordingly, petitioners are not entitled to deductions in excess of the amounts stipulated.

2. <u>Travel--$408</u>

Ms. Reece produced documentation at trial showing that she traveled from Houston to Oakland on August 4, 2005, and from Oakland back to Houston on August 7, 2005, at a total cost of $377.30. She further testified that she traveled to San Francisco, to meet with a client, at the client's request, about selling a property located in Houston, and that she met with the client every day for approximately 5 or 6 hours. Ms. Reece was engaged by the customer to list the property for sale, but never did sell it. During her weekend trip to San Francisco, Ms. Reece stayed with her niece. We find it implausible that Ms. Reece spent such a prolonged period of time discussing the sale of a single piece of property and believe that the trip was made primarily for personal reasons. See sec. 1.162-2, Income Tax Regs. Therefore, respondent's determination is sustained.

3. <u>Office Expense, Repairs and Maintenance, Supplies, Meals and Entertainment, Other Expenses-Promotion, and Other Expenses-MLS--$7,426</u>

Petitioners have failed to provide any documentation that would substantiate these expenses or enable the Court to make a reasoned estimate. Accordingly, respondent's determination is sustained as to these expense deductions.

II. <u>Accuracy-Related Penalty</u>

Taxpayers may be liable for a 20-percent penalty on the portion of an underpayment of tax attributable to negligence,

disregard of rules or regulations, or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). Negligence is a failure to make a reasonable attempt to comply with the provisions of the Code. The taxpayer is required to prove he acted with due care. Sec. 6662(c); Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217; sec. 1.6662-3(b)(1), Income Tax Regs.

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), affd. 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Failure to keep adequate records may be evidence not only of negligence, but also of intentional disregard of regulations. See sec. 1.6662-3(b)(1) and (2), Income Tax Regs.; see also Benson v. Commissioner, T.C. Memo. 2007-113.

Negligence penalties do not apply where the taxpayer shows that he had reasonable cause and acted in good faith. Sec. 6664(c)(1). The determination depends on the facts and circumstances of each case and includes the knowledge and

experience of the taxpayer and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Most important in this determination is the extent of the taxpayer's effort to determine the proper tax liability.  Id.

Respondent has the burden of production under section 7491(c), with respect to the accuracy-related penalty under section 6662.  To satisfy that burden, respondent must produce sufficient evidence showing that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Respondent has met his burden of production by establishing that petitioners maintained their books and records in a negligent manner.  Petitioners have failed to demonstrate reasonable cause for inadequate recordkeeping and their inability to substantiate a good number of their deductions.  Petitioners claim that they were unable to obtain many of their tax records because of shortness of time and because of Mr. Reece's May 2006 hip surgery.  However, we note that on November 20, 2007, petitioners were served with a notice setting the case for trial at the Houston trial session beginning April 14, 2008.  We believe that petitioners had ample time to obtain such records.  These reasons are not sufficient to establish reasonable cause for inadequate

recordkeeping.  We sustain respondent on the accuracy-related penalty.  To reflect our disposition of the issues,

<u>Decision will be entered</u>

<u>under Rule 155</u>.